UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,                )
                                          )
    Plaintiff,                            )
                                          )         No. 6:11-CR-44-GFVT-HAI-1
v.                                        )
                                          )         RECOMMENDED DISPOSITION
RICARDO MUNIZ,                            )
                                          )
    Defendant.                            )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court, on referral (D.E. 48), considers reported violations of supervised release conditions by Defendant Ricardo Muniz. District Judge Van Tatenhove entered a judgment against Defendant on July 12, 2012, for aiding and abetting assault with a dangerous weapon, which offense occurred while he was incarcerated at USP McCreary. D.E. 39. Defendant was sentenced to forty-nine months of imprisonment followed by thirty-six months of supervised release to run concurrent with the term of imprisonment and supervised release previously imposed by the District Court for Southern District of Texas in *United States v. Muniz*, 2:05-CR-00333-001 (S.D. Tex. October 14, 2005). *Id.* at 3. Defendant began his term of supervised release on May 4, 2015, in the Southern District of Texas.

On June 24, 2015, the United States Probation Office ("USPO") for the Eastern District of Kentucky issued a Supervised Release Violation Report (the Report). The Report charges two violations based on facts provided by Defendant's supervising officer in the Southern District of Texas. First, the Report charges, in Violation #1, a violation of Standard Condition #7, which provides that "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." The Report specifically alleges

that, on May 25, 2015, Defendant's urine tested positive for cocaine and marijuana, and on June 9, 2015, Defendant signed an admission acknowledging his possession and use of the drugs. This is a Grade C Violation.  Second, in relation to this positive drug test and admission, the Report charges Defendant with a violation of the condition requiring Defendant to refrain from committing another federal, state, or local crime.  Noting the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime, that is, possession of marijuana and cocaine.  Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 841(a), Simple Possession of a Controlled Substance.  This is a Grade B violation.

On September 23, 2015, the USPO issued an Addendum Supervised Release Violation Report ("the Addendum").  The Addendum charges two additional Violations based on additional information provided to the USPO by Defendant's supervising officer in the Southern District of Texas.  First, the Addendum charges, in Violation #3, a second violation of Standard Condition #7.  Specifically, the Addendum states that, on June 25, 2015, Defendant's supervising officer conducted a urine specimen test which was positive for opiates and marijuana.  This is a Grade C Violation.  Second, the Addendum charges, in Violation #4, a second violation of the condition requiring Defendant to refrain from committing another federal, state, or local crime. The basis for the Violation was again the positive test result for opiates and marijuana, and Sixth Circuit case law equating use with possession.  This is a Grade B Violation.

All four Violations in the Report and Addendum stem from conduct committed in the Southern District of Texas.  On July 29, 2015, District Judge Hanen in the Southern District of Texas entered a Judgment against Defendant for violations of his conditions of supervision in Texas. *United States v. Muniz*, 2:05-CR-00333-001 (S.D. Tex. July 29, 2015).  Defendant was

adjudged guilty of four violations of his mandatory conditions of his release by using and possessing marijuana (twice), cocaine, and opiates. Defendant's term of supervised release imposed by the Court was revoked and he was sentenced to eight months imprisonment to be followed by twenty-four months of supervised release. He was then transferred to the Eastern District of Kentucky.

This Court conducted an initial appearance pursuant to Rule 32.1 on September 23, 2015, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 50. Detention was mandated by the revocation Judgment from the Southern District of Texas.

At the final hearing on October 1, 2015, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 51. Defendant competently entered a knowing, voluntary, and intelligent stipulation to all four Violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report and Addendum. In the supervised release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established all violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report, the Addendum, accompanying documents, and the sentencing materials from the underlying Judgment in this District. Moreover, the Court has considered the judgment on revocation from the Southern District of Texas. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to aiding and abetting assault with a dangerous weapon, which is a Class C

felony.  *See* 18 U.S.C. § 113(a)(3); 18 U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment.  18 U.S.C. § 3583(e)(3).  The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect to Violations #1 and #3, and Grade B violations with respect to Violations #2 and #4.  Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and Grade B violations, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is eight to fourteen months.

   Based upon Defendant's stipulation, the parties agreed to recommend revocation and fourteen months imprisonment with twenty-two months of supervised release to follow.  In support of this joint recommendation, the United States argued that Defendant's conduct presents aggravating circumstances that warranted a sentence at the top of his Range.  First, the United States argued that his conduct was a significant breach of the Court's trust because he committed multiple violations in a short amount of time.  Further, the United States asserted that Defendant's history and characteristics were aggravating because of his lengthy history of

violent behavior, including recent reports from the USPO of violence towards another resident at a halfway house. Therefore, according to the United States, a lengthy term of imprisonment is necessary. However, the United States asserted that an upward departure from the Guidelines Range was not necessary because Defendant's violative conduct was not related to his underlying offense of conviction, and Defendant has a severe drug problem that needs to be treated.

Counsel for Defendant agreed with the United States that a term of imprisonment at the top of the Range was appropriate based on Defendant's history and characteristics, and his breach of the Court's trust. Defense counsel further described Defendant's significant history of drug abuse that began at a young age, and Defendant personally requested that the Court recommend substance abuse treatment as a condition of his supervised release. Finally, defense counsel requested that the Court recommend Defendant serve his term of imprisonment at the United States Penitentiary, McCreary.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction, which are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant pleaded guilty to aiding and abetting assault with a dangerous weapon, in which he and another inmate stabbed the

5

victim forty-five times. This type of violent conduct is especially troubling to the Court. Moreover, the Court considers the strong need to deter criminal conduct and protect the public. In addition to Defendant's violent history, the USPO indicated that Defendant recently "beat up" a fellow halfway house participant shortly before his final release from the Bureau of Prisons. This type of conduct, in addition to his admitted possession and use of illegal substances, poses a significant danger to the public. Therefore a significant term of imprisonment is warranted.

Defendant's history and characteristics indicate a serious drug problem. This drug use, which began at a young age, has caused significant problems in Defendant's life. His abuse has placed substantial hardships on his familial relationships and has caused felonious conduct while on supervised release. Defendant indicates a desire to get and remain clean. If he can do this, he can become a productive member of society. However, if he is unable to do this, he will continue to create significant problems for himself, his child, and those around him.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct represents a substantial breach of the Court's trust. He committed at least two violations of his release within a month of being released from custody. More troubling, less than a month after committing these violations, Defendant again violated the

6

terms of his release by using and possessing drugs. Defendant thus far has exhibited a negative attitude towards being on supervision and demonstrated no desire to comply with the terms of his supervision. A significant term of imprisonment is therefore necessary.

Ultimately, a sentence of fourteen months is at the top of the Defendant's Guidelines Range and, for the reasons stated above, the Court finds it is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

Further, as agreed to by the parties, the Court finds that the fourteen months should be served concurrently with the eight month term of imprisonment imposed in the Southern District of Texas. The Guidelines suggest that any term of imprisonment imposed should be ordered to be served consecutively to any sentence that a defendant is currently serving. *See* U.S.S.G § 7B1.4(f). However, the Court finds that a consecutive term of imprisonment would be too severe because the two revocations are premised on the same conduct and are imposed by the same sovereignty. Thus, the term of imprisonment should be concurrent to the term of imprisonment imposed by the Southern District of Texas.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction, pursuant to 18 U.S.C. § 113(a)(3), carried a maximum supervised release term of thirty-six months. Under § 3583(h), the maximum term of

7

supervised release that may be reimposed is thirty-six months "less any term of imprisonment…imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

If this Recommended Disposition is adopted by District Judge Van Tatenhove, Defendant will serve fourteen months incarceration, yielding a post-revocation cap of twenty-two months. The Court finds that Defendant needs a significant amount of supervision following imprisonment to learn to manage his drug addiction. Moreover, Defendant's Special Conditions of Supervision imposed by the Southern District of Texas require that he shall participate in a substance abuse treatment program, and the Court finds this is appropriate given his severe substance abuse problems. Accordingly, the Court accepts the joint recommendation of the parties that a term of supervised release of twenty-two months under the conditions of supervision previously imposed by the District Court in the Southern District of Texas be reimposed following imprisonment. Moreover, as required by 18 U.S.C. § 3624(e), the Court finds that this term of supervised release should run concurrently with the term of supervised release imposed by the Southern District of Texas.

Based on the foregoing, the Court **RECOMMENDS**:

    1.    Revocation with a term of imprisonment of fourteen months to run concurrently with the term of imprisonment imposed by the Southern District of Texas;

    2.    That District Judge Van Tatenhove recommend that Defendant be housed in the United States Penitentiary, McCreary; and

    2.    A concurrent term of supervised release of twenty-two months, under the conditions of supervision previously imposed by this Court, with the added

special condition that he receive mental health treatment at the discretion of the USPO.[1]

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 5th day of October, 2015.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

---

[1] The Court recommends that the judgment utilize the standard language adopted by this District for the mental health special condition.