UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 11-44-GFVT |
| V. | ) | |
| | ) | |
| | ) | |
| RICARDO MUNIZ, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 52.] The Defendant, Ricardo Muniz, is charged with multiple violations of his supervised release. On July 12, 2012, this Court entered a judgment against Defendant for aiding and abetting assault with a dangerous weapon while the Defendant was incarcerated at United States Penitentiary, McCreary. [R. 39.] Mr. Muniz was sentenced to forty-nine months of imprisonment followed by thirty-six months of supervised release. This sentence was to run concurrently with a term of imprisonment and supervised release previously imposed by the District Court for the Southern District of Texas.

On May 4, 2015, Mr. Muniz began his term of supervised release in the Southern District of Texas. Unfortunately, shortly after beginning supervised release, Mr. Muniz committed several violations of his release. On May 25, 2015, Mr. Muniz tested positively for cocaine and marijuana. This positive drug test constitutes a violation of Standard Condition #7, which prevents the Defendant from using or possessing any controlled substances except as prescribed

1

by a physician, and a violation of a general supervised release condition which prohibits the Defendant from committing any federal, state, or local crimes. [R. 39 at 3.]

One month later, on June 25, 2015, Mr. Muniz again tested positively for controlled substances—this time, opiates and marijuana. Just like the drug test in May, this positive drug test constitutes two violations of the terms of Mr. Muniz's supervised release, for using or possessing controlled substances and for committing a federal crime. All four of the supervised release violations stem from conduct committed by Mr. Muniz while in the Southern District of Texas. District Judge Hanen in the Southern District of Texas revoked Defendant's term of supervised release and sentenced him to eight months of imprisonment, followed by twenty-four months of supervised release. *See United States v. Muniz*, 2:05-cr-00333-001 (S.D. Tex. July 29, 2015). Mr. Muniz was subsequently transferred to the Eastern District of Kentucky, and the matter was referred to Judge Ingram to recommend a proposed disposition.

At a hearing before Judge Ingram held on October 1, 2015, Mr. Muniz knowingly and competently stipulated to all four alleged violations. [R. 51.] After reviewing the record, the underlying Judgment from the Eastern District of Kentucky, and the judgment on revocation of supervised release from the Southern District of Texas, Judge Ingram recommended that the Court revoke Mr. Muniz's term of supervised release. Judge Ingram's Recommended Disposition suggests revocation with a term of imprisonment of fourteen months, to run concurrently with the term of imprisonment imposed by the Southern District of Texas and to be served in the United States Penitentiary, McCreary. Judge Ingram also recommends a term of supervised release of twenty-two months, which, pursuant to 18 U.S.C. § 3624(e), should run concurrently with the term of supervised release imposed by the Southern District of Texas. [R. 52.]

      This Court, like Judge Ingram's Recommended Disposition, begins by noting that revocation in this case is mandatory pursuant to 18 U.S.C. § 3583(g)(1) and *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Because Mr. Muniz possessed a controlled substance, the Court must revoke his supervised release. The task at hand, then, is to determine an appropriate term of imprisonment. In coming to his recommended sentence, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors. Judge Ingram explained that Mr. Muniz suffers from a serious drug problem. He also has a history of violence; his underlying conviction was for aiding and abetting assault with a dangerous weapon, where he and another inmate stabbed the victim forty-five times, and Probation indicated that he recently "beat up" a fellow halfway house participant. [R. 52.] Judge Ingram concluded that the combination of violence and substance abuse poses a substantial danger to the public and warrants a significant term of imprisonment in this case. Further, Mr. Muniz committed at least two violations of his release within one month of being released from custody, and another two violations less than one month later. This constitutes a substantial breach of the Court's trust. Throughout his Recommended Disposition, Judge Ingram accounted for the recommendations of both parties and balanced the need to seek a sufficient, but not greater than necessary, sentence for Mr. Muniz.

      In addition, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advised the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 9.] Mr. Muniz filed no objections but rather submitted a Waiver of Allocution on October 21, 2015. [R. 53.]

      Generally, this Court makes a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 52] as to Defendant Ricardo Muniz is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Muniz is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Mr. Muniz's Supervised Release is **REVOKED**;

4. Mr. Muniz is sentenced to a term of **fourteen (14) months** of imprisonment, to run **concurrently** with the term of imprisonment imposed by the Southern District of Texas and to be served in the United States Penitentiary, McCreary; and

5. Mr. Muniz will be subject to a term of supervised release of **twenty-two (22) months**, to run **concurrently** with the term of supervised release imposed by the Southern District of Texas. The conditions of this term of supervised release will be the same as previously imposed, with the following added special condition:

    a. "The defendant shall participate in a program of mental health treatment at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer."

This 27th day of October, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge